UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| JIN HAI LI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 15-11527-JCB |
| | ) | |
| FOOLUN, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES AND COSTS AND TREBLE DAMAGES[1]
[Docket No. 130]

August 10, 2017

In this action, plaintiffs Jin Hai Li and Xin Liu brought claims under the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the

Massachusetts Wage Act, M.G.L. c. 149, §§ 148-150 (the "Wage Act").  Plaintiff Li also

asserted a claim under the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1, 2 & 9.

After a four day trial, the jury found that the Defendants violated the FLSA by failing to pay

overtime to the Plaintiffs.  The jury found that Defendants owed $5,239.08 and $7,043.04 in

unpaid overtime to Li and Liu, respectively.[2]  The jury found for the Defendants on Li's

minimum wage claim.

_____

[1] On October 2, 2015, the parties consented to the jurisdiction of a U.S. Magistrate Judge for all
purposes.  Docket No. 21.

[2] Because there was an issue regarding the appropriate statute of limitations, the Court asked the
jury to calculate any damages dating back to April 6, 2012 (three years) and April 6, 2013 (two
years).  Because the jury did not find that the Defendants' failure to pay overtime was willful, the
Plaintiffs concede that a two-year statute of limitations applies in this case.  Docket No. 130 at 2,
n. 1.

Plaintiffs have filed a motion for an award of treble damages under the Wage Act, and for attorney's fees and costs.  Docket No. 130.  For the following reasons, the Court grants the motion to the extent that it awards $15,717.24 to Li and $21,129.12 to Liu in treble damages, $61,030.00 in attorney's fees, and $4,937.74 in costs and expenses.

I.   RELEVANT BACKGROUND

On April 6, 2015, the Plaintiffs filed their complaint alleging that Defendants Foolun, Inc., Di Tang, and Wen Xue Zhang failed to pay overtime in violation of the FLSA and the Wage Act.  Docket No. 1.  Plaintiff Li also alleged that the Defendants failed to pay him minimum wages in violation of Massachusetts law.  Id.

The parties appeared for a scheduling conference on October 2, 2015 and, thereafter, engaged in discovery.  Docket No. 20.  No dispositive or discovery motions were filed.

A four day jury trial was held from January 30, 2017 through February 2, 2017.  On February 2, 2017, the jury found in favor of Plaintiffs on the overtime claims and in favor of the Defendants on Li's minimum wage claim.  Docket No. 125.  The jury also found that the Defendants' failure to pay overtime was not willful.  Id.  The jury awarded damages in the amount of $5,239.08 and $7,043.04 to Li and Liu, respectively.  Id.

On March 7, 2017, Plaintiffs filed the instant motion seeking an award of treble damages, attorney's fees, and costs.  Docket No. 130.  Defendants filed an opposition on March 21, 2017. Docket No. 131.  Plaintiffs filed a reply on April 5, 2017.  Docket No. 136.

II.   ANALYSIS

A.   Treble Damages

The Plaintiffs request an award of treble damages in the amount of $15,717.24 for Li and $21,129.12 for Liu.  Docket No. 130 at 1.  The Plaintiffs brought their claims under the

provisions of the FLSA and the Wage Act.  The Wage Act mandates the award of treble damages for lost wages once an aggrieved employee prevails on a Wage Act claim.  George v. Nat'l Water Main Cleaning Co., 477 Mass. 371, 374-375 (2017).  A failure to pay overtime wages under the FLSA is also a violation of the Wage Act.  Lambirth v. Advanced Auto, Inc., 140 F. Supp. 3d 108, 112 (D. Mass. 2015).  Indeed, in their opposition to Plaintiffs' motion, the Defendants do not contest that the Plaintiffs are entitled to treble damages.  Accordingly, the Court awards Li and Liu treble damages in the amount of $15,717.24 and $21,129.12, respectively.

B.    Attorney's Fees And Costs

The Plaintiffs seek $79,402.50 in attorney's fees.  Specifically, they seek an award for: (1) 177.6 attorney hours at the rate of $250 per hour for Attorney Meyerson and (2) 107.7 attorney hours at the rate of $325 per hour for Attorney Summer.  See Meyerson Aff. at ¶¶ 5, 12;[3] Summer Aff. at ¶¶ 3,4.[4]  They also seek $6,437.74 in costs and expenses.  Docket No. 130 at 1.  For the reasons discussed below, the Court will award $61,030.00 in attorney's fees, and $4,937.74 in costs and expenses.

1.    Attorney's Fees Under The FLSA And The Wage Act

Both the FLSA and the Wage Act allow a prevailing employee to recover attorney's fees and costs.  Carpaneda v. Domino's Pizza, Inc., 89 F. Supp. 3d 219, 224 (D. Mass. 2015); Mogilevsky v. Bally Total Fitness Corp., 311 F. Supp. 2d 212, 216 (D. Mass. 2004).  As

---

[3] "Meyerson Aff." refers to the Affidavit of Alan D. Meyerson.  Docket No. 130-1.

[4] "Summer Aff." refers to the Affidavit of David Summer.  Docket No. 130-2.

prevailing parties, therefore, the Plaintiffs are entitled to recover reasonable attorney's fees and costs.[5]

"[A] plaintiff who prevails on congruent federal and state claims and qualifies for fee-shifting under two or more statutes may recover fees under whichever fee-shifting regimen [he] chooses." Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 342 (1st Cir. 1997) (citation omitted).  Here, the Plaintiffs have chosen to recover fees under the Wage Act.  Docket No. 130 at 3, n. 2.  In any event, Massachusetts courts and the First Circuit use similar approaches in evaluating the reasonableness of applications for attorney's fees.  Ellicott v. Am. Capital Energy, Inc., No. 14-12152-FDS, 2017 WL 1224537, at *1, n. 1 (D. Mass. Apr. 3, 2017) (citing Joyce v. Town of Dennis, 720 F.3d 12, 26 (1st Cir. 2013)).  Accordingly, the Court relies on both federal and Massachusetts law precedent in evaluating the Plaintiff's request for attorney's fees.

Both the First Circuit and Massachusetts courts generally follow the so-called "lodestar" method for evaluating applications for attorney's fees.  Ellicott, 2017 WL 1224537, at *1 (citing Tennessee Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994); Fontaine v. Ebtec Corp., 415 Mass. 309, 325 (1993)).

The First Circuit has summarized the principles applicable to the determination of a reasonable attorney's fee award using a lodestar:

> When fashioning a fee award, the district court ordinarily starts by constructing what has come to be known as the lodestar.  In general, the lodestar is the product of the number of hours appropriately worked times a reasonable hourly rate or rates.  The party seeking the award has the burden of producing materials that support the request.  These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates.  The

---

[5] The Defendants do not dispute the Plaintiffs' entitlement to attorney's fees and costs.  Rather, they argue that the Plaintiffs' request is excessive.  Docket No. 131 at 1-3, 4-7.

> putative payor may submit countervailing evidence.  The court, usually after
> hearing arguments, will then calculate the time counsel spent on the case,
> subtract duplicative, unproductive, or excessive hours, and apply prevailing
> rates in the community (taking into account the qualifications, experience,
> and specialized competence of the attorneys involved).

Hutchinson v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (internal citations and quotations omitted).

"What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge."  Berman v. Linnane, 434 Mass. 301, 302-303 (2001).  Massachusetts courts consider several factors, including:

> the nature of the case and the issues presented, the time and labor required,
> the amount of damages involved, the result obtained, the experience,
> reputation and ability of the attorney, the usual price charged for similar
> services by other attorneys in the same area, and the amount of awards in
> similar cases.

Id. at 303 (quoting Lithicum v. Archambault, 379 Mass. 381, 388-389 (1979)).  No single factor is determinative, however, and a factor-by-factor analysis is not necessary.  Id.

2.    Reasonable Hourly Rate

The first step in calculating the lodestar amount involves determining the reasonable hourly rate.  "A determination of a reasonable hourly rate begins with the 'average rates in the attorney's community for similar work done by attorneys of the same years' experience.'" Haddad v. Wal-Mart Stores, Inc. (No. 2), 455 Mass. 1024, 1025-1026 (2010) (quoting Stratos v. Dep't of Pub. Welfare, 387 Mass. 312, 323 (1982)).

Here, Attorney Summer has charged an hourly rate of $325 per hour and Attorney Meyerson has charged $250 per hour.  Attorney Summer received a J.D. from Boston University in 1996 and an LL.M. from Boston University in 2001.  Summer Aff. at ¶ 2.  As such, it appears that he has over twenty years of experience as an attorney.  Attorney Meyerson received a J.D. from the University of Florida Levin College of Law in 2011.  Meyerson Aff. at ¶ 4.  He was

admitted to the Massachusetts bar in 2011 and since then, his practice has focused primarily on representing plaintiffs in wage & hour and other employment law matters.  Meyerson Aff. at ¶ 3. The Plaintiffs have provided the Court with opinions in other matters where courts have granted higher rates to attorneys with comparable years of experience.  See Docket No. 130 at 5-6.  The Court has also found cases awarding similar rates in employment matters.  See, e.g., Haddad, 455 Mass. at 1026 (awarding $350 per hour to an attorney with 25 years of experience, $325 per hour to an attorney with 17 years of experience, and $300 per hour to an attorney with 13 years of litigation experience); Rudy v. City of Lowell, 883 F. Supp. 2d 324, 327 (D. Mass. 2012) (noting that attorneys in Boston with over 15 years of experience in employment litigation have been awarded between $325 per hour and $650 per hour).

Here, however, Attorneys Summer and Meyerson have not described their experience in any detail.  In addition, the Court notes that it appears that those courts that have granted higher rates have done so for attorneys at large firms with higher overhead.  See, e.g., Rudy, 883 F. Supp. 2d at 327.  By contrast, Attorney Summer and Meyerson practice in a small firm. Accordingly, the Court will reduce Attorney Summer's rate to $300 per hour and Attorney Meyerson's rate to $200 per hour.[6]

3.   Hours Reasonably Expended

"In fashioning fee awards, the attorney's contemporaneous billing records constitute the usual starting point, but the court's discretion is by no means shackled by those records."  Gay

---

[6] Although the Court has found it appropriate to reduce the hourly rate, it notes that the arguments for doing so with respect to Attorney Summer advanced by the Defendants (i.e., he was not the lead attorney in the case, he attended depositions without asking any questions, and he reviewed outlines constructed by Attorney Meyerson where one attorney would suffice) go to the calculation of the reasonable hours expended, not the reasonable hourly rate.  Docket No. 131 at 7.

<u>Officers Action League v. Commonwealth of Puerto Rico</u>, 247 F.3d 288, 295-6 (1st Cir. 2001). A court will calculate the time counsel actually spent on the case and subtract "duplicative, unproductive, or excessive hours," <u>Hutchinson</u>, 636 F.3d at 13, and "time that was unreasonably, unnecessarily, or inefficiently devoted to the case" and may, under appropriate circumstances, disallow time spent in litigating failed claims.  <u>United States v. One Star Class Sloop</u>, 546 F.3d 26, 38 (1st Cir. 2008) (internal citations omitted).  The court may also reduce billed hours for non-complex tasks.  <u>Norkunas v. Brossi Bros Ltd</u>, No. 10-11949, 2012 U.S. Dist. LEXIS 30474, at *12 (D. Mass. March 7, 2012).

The First Circuit does not require courts to set forth an hour-by hour analysis of a fee request.  <u>Id.</u> (quotations omitted).  "Nevertheless, when a district court makes a substantial reduction in fees requested, the Court should offer reasonably explicit findings and has a burden to spell out the whys and wherefores."  <u>Id.</u> (internal quotations and citations omitted).

Plaintiffs' counsel submitted contemporaneous time records.  Docket No. 130-1 at 7-12; Docket No. 130-2 at 4-6.  Upon review of the time records, the Court determines that most of the time spent in this case was reasonable.  However, some of the time requested is excessive.  For example, some of the entries reflect duplication of work, such as when both of Plaintiffs' attorneys attended some of the depositions.[7]  In addition, many entries seek compensation for time spent "discussing" a variety of topics.  Although some conferencing is a necessary element of litigation, the Court finds that the time spent conferencing in this relatively straightforward

---

[7] The Court notes, however, that, contrary to Defendants' argument, the fact that there were two attorneys working on this case is not, in and by itself, excessive.  Indeed, Defendants were also represented by two attorneys.  Rather, it is the duplication of certain items of work that is excessive.

case appears excessive.  See Conservation Law Foundation, Inc. v. Patrick, 767 F. Supp. 2d 244, 254 (D. Mass. 2011).

The First Circuit does not require a line-by-line analysis and has applied an across-the-board reduction method to resolve fee issues that could not be accurately defined in terms of hours of service.  See, e.g., United States v. Metropolitan District Comm'n, 847 F.2d 12, 16 (1st Cir. 1988) ("Although there is 'some burden on the court to explain why it makes a substantial adjustment, up or down, of a diary-supported bill,' we have 'never required that [district] courts set forth hour-by-hour analyses of fee requests.'") (internal citations omitted).  Accordingly, the Court finds that a 10% across-the-board reduction is appropriate in this case.

4.      Lodestar Amount

For the reasons stated above, the Court calculates the lodestar as follows:

| | | |
|---|---|---|
| Attorney Summer: | 96.9 hours at $300 per hour  = | $29,070.00 |
| Attorney Meyerson: | 159.8 hours at $200 per hour = | $31,960.00 |
| Total: | | $61,030.00 |

5.      Adjustment to Lodestar

Defendants argue that the lodestar should be reduced to ensure that the fee amount is commensurate with the jury's award.  Docket No. 131 at 3.  The Court has discretion to adjust the lodestar figure in appropriate circumstances.  Rudy, 883 F. Supp. 2d at 328 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  In exercising that discretion, the results obtained are of "preeminent consideration."  Coutin, 124 F.3d at 338.  "Three measures of success bear upon the amount of the ensuing fee award: 1) a plaintiff's success claim by claim; 2) the relief actually obtained and 3) the societal importance of the right which has been vindicated."  Rudy, 883 F. Supp. 2d at 328 (citing Coutin, 124 F.3d at 338).  "If a plaintiff prevails on an insubstantial

subset of her interrelated claims and obtains only limited relief," the Court may "shrink fees to reflect that inferior result." Coutin, 124 F.3d at 339.

Here, it is true that Li did not prevail on his minimum wage claims.  However, those claims were sufficiently factually interconnected with the overtime claims on which he prevailed that no adjustment is warranted.  See Killeen v. Westban Hotel Venture, L.P., 69 Mass. App. Ct. 784, 792 (2007).

The Defendants also argue that the fees should be reduced because they are disproportionate to the amount of the jury award.  Docket No. 131 at 3.  The Defendants argue that any fee award should be no larger than one or two times the total amount of damages.  Id. The Defendant, however, is conflating a small damages award with a de minimis victory.  Here, the Plaintiffs largely prevailed on their claims.  Moreover, in arguing that the requested fees are disproportionate to the amount of damages, the Defendants are focusing on the amount of single damages only.  In this case, Massachusetts law makes an award of treble damages mandatory. The total amount of damages, after trebling, is $36,846.36.  Under the Defendants' own formula, the lodestar amount is appropriate.

Finally, the Court notes that there is a considerable public interest in the effective enforcement of the Wage Act.  Parham-Johnson v. Pyramid Builders Assoc., Inc., 33 Mass. L. Rptr. 275, at *3 (Mass. Super. 2016).  "The Wage Act was enacted 'to protect wage earners from the long-term detention of wages by unscrupulous employers.'"  George, 477 Mass. at 373 (citations omitted).  The Massachusetts Legislature has provided for the recovery of attorney's fees in Wage Act cases, such as this one, where litigation is necessitated to vindicate an important interest but the amount sought to be recovered would generally be too small to justify an expenditure of attorney's fees for the average person.  See Jones v. Gangi Printing, Inc., No.

15-ADMS-10019, 2016 WL 2347915, at *1, n. 3 (Mass. App. Div. Apr. 1, 2016).  Accordingly, the Court finds that a further reduction of the lodestar amount is not appropriate under the circumstances.

      6.    <u>Costs</u>

      In addition to reasonable attorney's fees, the Wage Act allows a prevailing plaintiff to recover the "costs of litigation."  M.G.L. c. 149, § 150.  The Plaintiffs seek $6,437.74 in costs for court fees, process servers, copying, legal research, postage, deposition transcripts, and interpreter fees.  Docket No. 130 at 1.  Defendants object to these costs on the grounds that the Plaintiffs do not identify what they are for and failed to provide any supporting documentation.  Docket No. 131 at 2-3.  However, the Plaintiffs in fact identified each of their costs and subsequently provided supporting documentation.  <u>See</u> Docket No. 130-1 at 11-12; Docket No. 136-2 at 18-29.  Having reviewed the Plaintiffs submission regarding costs, the Court finds that the costs sought are reasonable with the exception of the fees for interpreter Melissa Lo.

      From Ms. Lo's invoice, it appears that she charged the Plaintiffs $675 for 9 hours of work.  Docket No. 136-2 at 29.  It also appears, however, that she charged them $1,500 for a "canceled week of work."  <u>See</u> <u>id.</u>; Docket No. 130-1 at 12.  The Plaintiffs proposed to use Ms. Lo as an interpreter at trial.  However, due to a dispute between the parties regarding the interpreter, pursuant to Rule 43(d) of the Federal Rules of Civil Procedure, the Court selected another interpreter for the trial.  <u>See</u> Docket No. 108.  It appears that Ms. Lo charged the Plaintiffs because of the work she had to cancel and was unable to reschedule once the Court selected an alternative interpreter.  The Court is unable to conclude that the Defendants were solely responsible for the dispute regarding the interpreter and, therefore, it is inappropriate to

shift this cost to the Defendants.  Thus, the Court disallows the $1,500 interpreter fee.[8]

Accordingly, the Court awards Plaintiffs costs in the amount of $4,937.74.

III.     ORDER

      For the foregoing reasons, the Court awards treble damages to Li and Liu in the amounts of $15,717.24 and $21,129.12, respectively.  In addition, the Court awards Plaintiffs attorney's fees in the amount of $61,030.00 and costs in the amount of $4,937.74 for a total award of $102,814.10.  Within two weeks of the date of this order, the parties shall file, jointly if possible, and separately if necessary, a proposed form of judgment.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[8] The Court allows that part of the fee that was attributable to trial preparation.